1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE CHARLES SPIVEY, | ) | Case No. 2:07-cv-01080-MSB |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| MIKE KNOWLES, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Eddie Charles Spivey is a California State Prisoner proceeding *pro se* on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). Petitioner contends that (1) his federal due process rights were violated in connection with a 2001 prison disciplinary proceeding (*id.* at 3); (2) the Sacramento County Superior Court failed to comply with the California Rules of Court in denying his challenge to a 2003 decision of the Board of Parole Hearings (*id.* at 4); and (3) his due process rights were violated because he did not receive an impartial review of his administrative appeals of the 2001 discipline (*id.* at 5). The Court denies the petition for writ of habeas corpus.

## I.      Background

On January 16, 2004, Petitioner filed a state petition for writ of habeas corpus in the Sacramento County Superior Court challenging a 2003 decision by the California Board of Parole Hearings (BPH) that Petitioner was not suitable for parole. (Dkt. #18, Ex. 7). Petitioner alleged that the BPH violated state law "by failing to set his term using the matrix in Title 15 Division 2." (*Id.*).

The Superior Court denied the petition on March 9, 2004, holding that "Petitioner . . . has failed to show that, under current law, the [BPH] must apply a matrix analysis before denying a parole date." (*Id.*).  Rather, the court held, the BPH is required to set a parole date only if it determines that the prisoner is suitable for parole, and here the BPH determined that Petitioner was not.  (*Id.*).  The court could not "otherwise evaluate petitioner's hearing because he failed to provide transcripts of the proceedings or of the denial."  (*Id.*).

On February 23, 2004, Petitioner filed a second state habeas petition in the Sacramento County Superior Court challenging the findings of a 2001 disciplinary proceeding and the adequacy of the prison grievance procedures.  (Dkt. #18, Ex. 1).  Specifically, in March 2001, Petitioner was found guilty of attempting to introduce narcotics into the prison  and assessed a 180-day credit loss. (Dkt. #1, Ex. A).  That finding of guilt was modified to "possession" in May 2001 and the credit loss was "disallowed."  (*Id.*).  Petitioner alleged that his federal due process rights were violated because (1) there was no evidence to support the March 2001 finding of guilt, and (2) the prison grievance procedures are "deficient" and he did not receive an impartial review of his administrative appeals. (Dkt. #18, Ex. 1).  The Superior Court denied the petition on March 22, 2004, for failure to exhaust administrative remedies and, as to the second claim, for failure to demonstrate "bias against petitioner or intentional obstruction of the appeals process" or "any consequences from the loss of the appeal."  (*Id.*).

Petitioner appealed the denials of his state habeas petitions on April 12, 2004.  (Dkt. #18, Ex. 2, 6).  In his appeals, Petitioner included a claim that the Superior Court "abused its discretion when it failed to comply with clearly established Rule 260(a) of the California Rules of Court."  (*Id.*).  The California Court of Appeal for the Third District summarily denied Petitioner's appeals on April 22. (*Id.*).

On June 21, 2004, Petitioner appealed the California Court of Appeal's denial of his first state habeas petition challenging the BPH's failure to set a parole date and claiming that the Superior Court abused its discretion by failing to comply with the California Rules of Court.  (Dkt. #18, Ex. 5).  The California Supreme Court summarily denied Petitioner's habeas petition on June 8, 2005. (*Id.*).

Petitioner filed a federal petition for writ of habeas corpus in the U.S. District Court for the Eastern District of California on November 3, 2005. *See* Petition for Writ of Habeas Corpus, *Spivey v. Kernan*, No. 2:05-cv-2223 (E.D. Cal. filed Nov. 3, 2005). Petitioner alleged (1) that his federal due process rights were violated in connection with the 2001 disciplinary proceeding and (2) that the BPH violated state law by failing to set a parole date at his 2003 parole hearing. *Id.* Petitioner subsequently moved to voluntarily dismiss his habeas petition, *see Spivey*, No. 2:05-cv-2223, Dkt. #10, and the district court dismissed the petition without prejudice on May 21, 2007. *See id.*, Dkt. #14.

On April 24, 2007, Petitioner filed a habeas petition in the California Supreme Court alleging (1) that his federal due process rights were violated in connection with the 2001 disciplinary proceeding and (2) that the BPH violated state law by failing to set a parole date at his 2003 parole hearing. (Dkt. #18, Ex. 3). The California Supreme Court denied the petition on May 16, 2007, citing *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998); *In re Clark*, 5 Cal. 4th 750 (Cal. 1993); *In re Miller*, 17 Cal. 2d 734 (Cal. 1941); and *People v. Duvall*, 9 Cal. 4th 464, 474 (Cal. 1995). (Dkt. #1, Ex. D).

On June 6, 2007, Petitioner this petition for writ of habeas corpus. (Dkt. #1). Petitioner contends that (1) his federal due process rights were violated because there was no evidence to support the March 2001 finding of guilt with regard to the disciplinary proceeding (*id.* at 3); (2) the Sacramento County Superior Court abused its discretion by failing to comply with the California Rules of Court in denying Petitioner's challenge to the BPH's 2003 decision that he was not suitable for parole (*id.* at 4);[1] and (3) the prison grievance procedures are "deficient" and Petitioner did not receive an impartial review of his administrative appeals (*id.* at 5). Respondent filed an Answer on December 24, 2008, admitting that Petitioner's first and second claims for relief are exhausted but arguing that they are untimely, and arguing that Petitioner's third claim is both unexhausted and untimely. (Dkt. #18 at 3–4, ¶¶ 20–21, 23–24, 26–27). In the alternative, Respondent argues that Petitioner's claims are not cognizable on federal habeas review and fail on the merits. (*Id.* at 3-4,

---

[1]The petition does not challenge the BPH's decision that Petitioner was not suitable for parole.

1   ¶¶ 22, 25, 28–30).  Petitioner did not file a Reply, although he was informed by the Court he could

2   do so.  (Dkt. #14).

3   **III.   Discussion**

4   **A.   Claims 1 & 3 – 2001 Prison Disciplinary Proceeding**

5   The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of

6   limitations on federal habeas petitions challenging prison administrative decisions.  28 U.S.C. §

7   2244(d)(1); *see Shelby v. Bartlett*, 391 F.3d 1061, 1064 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d

8   1077, 1081–83 (9th Cir. 2003).  A properly filed state habeas petition tolls AEDPA's one-year

9   limitations period, 28 U.S.C. § 2244(d)(2), but a federal petition does not, *Duncan v. Walker*, 533

10  U.S. 167, 172 (2001).

11  AEDPA's one-year limitations period for habeas petitions challenging administrative

12  decisions begins to run when the petitioner receives timely notice of the denial of his administrative

13  appeal.  *Shelby*, 391 F.3d at 1066.  Respondent argues that "the limitations period [for Petitioner's

14  due process challenges to the 2001 disciplinary procedure and grievance process] were triggered in

15  February 2001, when the disciplinary hearing that [he] is challenging was held.  Alternatively, it

16  began to run no later than March 3, 2003, the last date [Petitioner] purportedly pursued his

17  administrative remedies."  (Dkt. #18 at 7).  Petitioner, on the other hand, argues that he did not

18  receive notice of the denial of his administrative appeal; he contends that his Third Level of Review

19  appeal, which he allegedly filed on March 15, 2002, was either "misplaced" by prison officials or

20  they "deliberately discarded" it, preventing him from exhausting his claim through the prison

21  grievance process.

22  The prison disciplinary proceeding at issue took place in February 2001.  (Dkt. #1, Ex. A).

23  Petitioner was found guilty of "Attempting to Introduce Narcotics into The Institution" in violation

24  of California Code of Regulations § 3016(c) and "[a]ssessed 180 days Credit Forfeiture under a

25  Dvision 'A-2' offense" in a Serious CDC-115, Rules Violation Report (RVR), on March 12, 2001.

26  (*Id.*).  Petitioner's administrative appeal was denied at the Second Level Review on April 12, 2001.

27  (*Id.*, Ex. B).  On May 2, 2001, Petitioner's disciplinary charge was reduced to a possession and the

28

-4-

credit loss was vacated.[2]  (*Id.*, Ex. A).  Petitioner alleges that he submitted an appeal to the Third Level of Review (or Director's Level of Review) on March 15, 2002, but never received a response.  (*Id.* at 6).  On December 9, 2002, Petitioner wrote a letter inquiring into the status of his appeal.  (Id., Exh. 1).  On December 30, 2002, the Inmate Appeals Branch of the California Department of Corrections and Rehabilitation (CDCR) informed Petitioner that there was "no record that [his] appeal ha[d] been accepted for a Director's Level of Review."  (*Id.*, Ex. C).  Petitioner wrote to an attorney on January 23 and March 22, 2003, seeking assistance in locating his Third Level of Review appeal.  (*Id.*).  Petitioner filed his state habeas petition on February 23, 2004.  (Dkt. #18, Ex. 1).

It is undisputed that Petitioner's appeal was denied at the Second Level of Review on April 12, 2001.  Petitioner had 15 days thereafter to file an appeal with the Third Level of Review.  *See* 15 Cal Code Regs. § 3084.6(c).  According to Petitioner, however, he did not submit his appeal to the Third Level of Review until March 15, 2002, almost one year later.  His appeal was thus untimely.[3]  S*ee id.* at §3084.3(c)(6).  The CDCR Inmate Appeals Branch did not deny Petitioner's appeal as untimely, however.  Instead, on December 30, 2002, after Petitioner inquired into the status of his appeal, the Inmate Appeals Branch informed Petitioner that there was no record that his March 15, 2002 appeal had ever been accepted for a Third Level of Review.  Thus, the limitations period began to run at the latest on December 31, 2002, the day after the Inmate Appeals Branch informed Petitioner that no appeal from the previous decision was available, and expired one year later on December 31, 2003.  *See Redd*, 343 at 1084 ("[T]he date of the factual predicate for

_____

[2]Because the credit loss associated with the disciplinary proceeding was vacated, it is not clear that this matter is within the province of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus[.]").  As the claim is barred by the statute of limitations even if habeas is an appropriate vehicle for the reasons discussed in the text, however, the Court does not decide whether habeas is indeed an available remedy for the claim.

[3]Petitioner does not allege he was unable to file the appeal within the prescribed time limits.  Thus, the limitations period may have begun to run on April 28, 2001, the day after the administrative decision at the Second Level of Review became final, and expired one year later, on April 28, 2002.

1    [Petitioner's] claim under § 2244(d)(1)(D) is not determined by asking when [Petitioner] satisfied

2    AEDPA's exhaustion requirement; rather it is determined independently of the exhaustion

3    requirement by inquiring when [Petitioner] could have learned of the factual basis for his claim

4    through the exercise of due diligence.").  Petitioner did not file this habeas petition until June 6,

5    2007, more than three years after the limitations period expired.  Petitioner's claims regarding the

6    2001 disciplinary proceeding are therefore time-barred unless Petitioner is entitled to statutory or

7    equitable tolling.

8         Statutory tolling is available under AEDPA while a "properly-filed" application for

9    post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2).  Here,

10   Petitioner did not file his habeas petition challenging the 2001 disciplinary proceeding in state court

11   until February 24, 2004, almost two months after the one-year limitations period expired on

12   December 31, 2003.  Moreover, even if the limitations period had not run before Petitioner filed his

13   state habeas petition, because Petitioner did not seek review in the California Supreme Court the

14   California Court of Appeal's decision became final on June 1, 2004, 40 days after the time for

15   seeking review expired, s*ee Smith v. Duncan*, 297 F.3d 809 (9th Cir. 2002), *abrogated on other*

16   *grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005), and the limitations period would not have

17   been tolled for much longer.  *See Carey v. Saffold*, 536 U.S. 214, (2002) (holding that AEDPA's

18   state of limitations is not tolled if the petitioner unreasonably delays in filing a habeas petition in

19   the California Supreme Court); *Evans v. Chavis*, 546 U.S. 189, 201 (2006) (holding that a six-month

20   delay in filing a habeas petition in the California Supreme Court after denial of a petition by the

21   California Court of Appeal constitutes unreasonable delay).  Petitioner did not file this petition until

22   June 6, 2007, more than three years after the California Court of Appeal denied his petition.  Thus,

23   despite any statutory tolling possibly available under 28 U.S.C. § 2244(d)(2), Petitioner's claims are

24   time-barred.

25        Equitable tolling is appropriate where a petitioner proves that "'extraordinary circumstances'

26   beyond [his] control . . . made it impossible to file a [habeas] petition on time." *Frye v. Hickman*,

27   273 F.3d 1144, 1146 (9th Cir. 2001); *see Pace*, 544 U.S. at 418 (holding that the petitioner bears the

28   burden to establish equitable tolling).  "The threshold for obtaining equitable tolling is very high,

but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing." *Townsend v. Knowles*, 562 F.3d 1200, 1205 (9th Cir. 2009).

Here, Petitioner waited until November 3, 2005, more than one year after the California Court of Appeals's decision became final, before filing his first federal habeas petition. Additionally, Petitioner did not file a state habeas petition challenging the 2001 disciplinary proceeding in the California Supreme Court until April 24, 2007. Petitioner makes no argument that the failure to rule on his Third Level of Review appeal prevented him from filing these petitions. Additionally, even if the instant habeas petition could be construed as arguing that the delay was warranted to re-exhaust Petitioner's state remedies after the state courts denied his claim for failure to exhaust available administrative remedies, Petitioner did not renew any effort to exhaust his administrative remedies. Thus, he did not diligently pursue his rights, and equitable tolling is unavailable. Accordingly, Petitioner's claims related to the 2001 disciplinary proceeding are time-barred.[4]

### B.    Claim 2 – State Court Proceedings

Petitioner claims that the Sacramento County Superior Court abused its discretion by failing to rule on Petitioner's state habeas petition within 60 days as required by Rule 4.551(a) of the California Rules of Court.[5]  (Dkt. #1 at 4).  Respondent argues that Petitioner's claim is not cognizable in a federal habeas petition and, in the alternative, that the claim is untimely. (Dkt. #18 at 9).

It is well established that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is

---

[4]To the extent Petitioner contends that the prison grievance procedures are "deficient" (Dkt. #1 at 5), his claim is not cognizable on federal habeas review as he does not contend that the procedures have affected the duration of his confinement. *See Muhammad*, 540 U.S. at 750.

[5]Petitioner specifically refers to Rule 260(a) of the California Rules of Court in his petition. Rule 260(a), however, was renumbered as Rule 4.551 in 2002. *See* Cal. R. Ct. 4.501(a).

1    limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United

2    States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Petitioner does not contend that the

3    Superior Court's alleged failure to comply with the California Rules of Court violated the

4    Constitution, law, or treaties of the United States, and his claim is therefore not cognizable on

5    federal habeas review.  Petitioner's claim is also not cognizable on habeas review because the

6    Superior Court's action did not affect the duration of his confinement.  *See Muhammad*, 540 U.S.

7    at 750.

8           Moreover, Petitioner's claim is time-barred.  The California Supreme Court denied

9    Petitioner's habeas petition challenging the Superior Court's failure to comply with the California

10   Rules of Court on June 8, 2005.  Petitioner did not file this petition until June 6, 2007, approximately

11   two years later.  Accordingly, Petitioner's claim is barred by AEDPA's one-year statute of

12   limitations.[6]

13          **Accordingly,**

14          **IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. #1) is denied.

15          **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

16
         DATED this 3rd day of June, 2010.
17

18
                                              /s/ Marsha S. Berzon
19                                            MARSHA S. BERZON
20                                            United States Circuit Judge, sitting by designation

21

22

23

24

25

26

27          [6]Petitioner's November 3, 2005 federal habeas petition did not challenge the Superior
     Court's alleged failure to comply with the California Rules of Court.  Regardless, as previously
28   stated, a federal habeas petition does not toll AEDPA's one-year statute of limitations.  *See Duncan*,
     533 U.S. at 172.